GEORGE FARR, Appellant, *v.* OLOF JOHNSON, Appellee.

APPEAL FROM HENRY.

The presumption of law is that copartners are equally interested.

Where an award makes reference to an account, the account will be examined, so as to explain the award.

If an award in matters of difference between copartners, finds an entire sum to be due to one, when the other is liable but for one-half the amount, if a remittiter is entered for the excess in an action on the award, it should stand.

The order should recite the finding of the jury, the amount remitted, and then judgment should be rendered for the residue.

Where it appears from the record that the sum found due is certainly fixed by the evidence, this court will reverse, with direction to the court below to render a specific judgment.

THIS was an action of assumpsit, commenced by appellee, against appellant, to the special April term, A.D. 1860, of the

Henry Circuit Court, upon an award of arbitrators. The case was tried before HOWE, Judge, and a jury, at October term, 1860.

To the plaintiff's declaration, the defendant interposed three pleas : 1st, general issue ; 2nd, that the appellant revoked the submission, or agreement to arbitrate, before the award was made, and that the revocation was in writing, and notice was given to the arbitrators ; 3rd, that the appellant revoked the submission, verbally, before the award was made, and notified the arbitrators and the appellee of the revocation. On the first plea the appellee took issue. To the second plea he replied : 1st, that the defendant did not revoke the submission before the award was made ; 2nd, that the defendant did not notify the plaintiff of the revocation before the making of the award ; and to defendant's third plea, the plaintiff replied : 1st, that the defendant did not revoke the submission before the making of the award ; 2nd, that the plaintiff did not have notice of the revocation,—on all of which, the defendant took issue.

The plaintiff below first offered in evidence a written instrument, of which the following is a copy :

" Olof Johnson and George Farr propose to arbitrate the differences between them, in relation to settlement of business of Johnson & Farr, in hands of Olof Johnson for settlement. Olof Johnson is to be plaintiff, and George Farr defendant; each party is to choose a person to be entirely disinterested, and not to be involved in any business or other transactions, so as to be liable to be influenced unduly in favor of, or against either party. The two persons they choose to choose a third person. The said parties to each be his own attorney in the case. The decision of the arbitrators to be binding and final upon the parties arbitrating. The said arbitration to take place on Wednesday, Nov. 30, '59, at 10 o'clock of said day. The parties have agreed upon John I. Bennett as the third man.

(Signed)       O. JOHNSON.<br>
GEO. FARR."

The hand-writing of each of them was proved.

The plaintiff's attorney then proposed to read the paper in evidence to the jury, to which the defendant objected ; the court overruled the objection, and allowed the paper to be read to the jury.

The plaintiff then proposed to offer in evidence the written award on which this action is brought, of which the following is a copy :

" *Galva, Nov.* 30, 1859.

" We, the arbitrators between Olof Johnson, plaintiff, and George Farr, defendant, agree on the following points in the bill of Olof Johnson against Johnson & Farr :

Farr *v.* Johnson.

"1st.   Assuming that $9,746.53 was the am't of indebtedness of Johnson & Farr, that Olof Johnson shall be allowed exchange on such am't of indebtedness as was payable in New York, at the rate of one and half per cent.

"2d.   That in the item charged costs and expenses, one hundred and twenty-five dollars shall be deducted.

"3d.   That Olof Johnson shall be allowed interest at rate of six per cent. on am't of indebtedness, less O. Johnson's credits to Johnson & Farr, as per bill of July 16th, 1859, for $7,338.72, from April 26th, 1857, to Nov. 30th, 1859.

"4th.   That the motion of defendant for non-suit, for cause of non-fulfillment of contract, be overruled, and Olof Johnson be allowed 15 per cent. commission, as per contract, on amount of indebtedness.

"5th.   That the assets of Johnson & Farr, unsettled and not collected, shall be divided as per contract of April 26th, 1857.

"6th.   That we find balance due Olof Johnson, of $4,502.47.

(Signed)    CLAUDIUS JONES.<br>WM. L. WILEY.<br>EM. S. BOND."

One of the arbitrators testified as follows: I was one of the arbitrators named in the award. I acted with Wiley and Bond. This is the agreement under which we acted. That is the paper made and declared as the award. The other arbitrators signed it, and I signed it also. We agreed on the date of the award—that is Nov. 30th, 1859.

Johnson produced bill of his account between Olof Johnson and Johnson & Farr.   This is the bill:

JOHNSON & FARR, in account with OLOF JOHNSON.

| | | | |
|---|---|---|---|
| To amount of indebtedness paid, assumed July 1, '57 . | $9,746.53 | By total am't of cash collected from notes and acc'ts rec'd July 1, '57.......... | $5,473.77 |
| To exchange on $8,345.49, paid in New York, at 3 per cent.................... | 250.36 | By Anderson & Hartzell's acct | 627.10 |
| | | By Henry Wald............ | 75.98 |
| To costs and expenses on collections ... ............ | 252.52 | By excess of O. Johnson .... | 161.87 |
| | | Total ............... | $7,338.72 |
| Total ...............$10,249.41 | | Interest on above to date.... | 1.498.43 |
| Interest on above to date ........$2,092.47 | | | $8,837.15 |
| Com's for paying indebtedness, as per agreement .. 1,537.40 — 3,629.87 | | Balance ............. | 5,042.13 |
| | $13,879.28 | | $13,879.28 |

To balance ................ $5,042.13

E. & O. E.    <em>July</em> 16, 1859.

This is the bill we were arbitrating; that is, the accounts of

Johnson & Farr, in the hands of Olof Johnson for settlement. Mr. Johnson presented this bill, and claimed that the indebtedness was from Johnson & Farr to Mr. Johnson; the submission was a submission of the charges contained in that bill.

That sum of $9,746.53 was agreed on as the amount of indebtedness. We agreed on the rate of exchange Johnson was to be allowed. The amount of deduction was agreed on that night.

The motion of Farr for non-suit was overruled. The uncollected assets were agreed on. The basis of calculation was agreed on. We called on the parties, and notified them that we had agreed on the points. We did not state our judgment, or how we had agreed, but simply that we had agreed. The non-suit claimed by Farr was acted on previous to his coming in.

The counsel for the appellee then offered to read the award in evidence to the jury, to which the defendant objected. The court overruled said objection, and allowed the award to be read to the jury; to which ruling and judgment of the court, the said defendant, by his attorneys, excepted.

The defendant called the witness, *Jones,* who testified, that the arbitration commenced on the afternoon of the 30th of November; the award was signed the next day, and also drawn up next day.

A paper, of which the following is a copy, was here shown to the witness, to wit:

" George Farr, on the point of commissions, $1,537.40, insisted that Mr. Johnson was not entitled to any commission, because he (Johnson) had not yet settled the business of the firm of Johnson & Farr, and that this item of commissions could not be charged until he (Johnson) had settled the business of the firm, as per contract; that said Johnson had not used diligence in the collection of debts, as contracted, and that for non-fulfillment of the contract on his (Johnson's) part, that Farr was entitled to a non-suit, and that Farr insisted that this point should be settled before further progress in the case should be had, and at this point in the case notified the arbitrators, or two of them, Claudius Jones and Emery S. Bond, that he would withdraw from the arbitration, and would go no further in the case. This notice was given to the said arbitrators before making out their award.

(Signed)                         EMERY S. BOND.
                          CLAUDIUS JONES."

Whereupon he stated : " This is a copy of the paper brought in by Farr for me to sign. The original paper is lost. I will not swear it is an exact copy; the heading of it was true, and we signed it; we did not read it all; relied on Mr. Farr for

its being correct; it is not correct. That was the only paper signed by Bond and myself. All three of the arbitrators were there when the award was made. This other paper was presented two hours after the award was made. An award had been made and declared before it was signed."

A witness was then sworn on the part of the defendant, and testified that he saw the paper spoken of by the witness Jones, in Jones' possession, and that it was signed by Jones and Bond; knows their handwriting, and that the foregoing is an exact copy of it, taken by him and compared with the original.

On cross-examination, the witness swore that he was attorney for Farr at the time he took the copy.

Thereupon the said copy was read in evidence to the jury, when the defendant rested his case.

The court then instructed the jury for the plaintiff as follows, to wit:

1. If the jury believe that the parties signed the paper introduced, in writing, submitting their differences to arbitrators, and afterwards selected and agreed upon Claudius Jones, Wm. L. Wiley, and E. S. Bond, as such arbitrators; that they and the parties met at Galva on the 30th day of November, 1859, and proceeded to the hearing of the matters submitted, and that the arbitrators afterwards, on that day or the next day, made their decision and award between the parties, and notified them thereof, the jury will find for the plaintiff the amount of money found by such award, in favor of the plaintiff, and against the defendant, unless the jury further find, from the evidence, that the defendant revoked the agreement of submission before the making of the decision and award by the arbitrators.

2. Although no technical words are necessary to constitute a revocation of the agreement of submission, yet it is necessary, in order to constitute a revocation by the defendant, that he should by the use of the word "revoke," or of other words, clearly and distinctly inform the arbitrators that he revoked or annulled the agreement submitting the case to them.

3. A mere mention, by the defendant, before the arbitrators, for a non-suit, is not a revocation of an agreement of submission to arbitration.

4. If the jury find, from the evidence, that the only evidence offered by defendant to show a revocation of the agreement of submission, was a statement or agreement made by the defendant on a motion before the arbitrators for a non-suit, and that thereafterwards the defendant continued before said arbitrators, and participated in the trial, and argued or discussed the questions afterwards arising before them, and was also present at the decision, such further participation, if any, is evidence tend-

ing to prove that there was not a revocation of the submission to arbitration.

5.   The paper signed by Emery S. Bond and Claudius Jones, and purporting to be a statement or certificate as to what occurred before them, is not evidence to prove the statements of the defendant, Farr, before the arbitrators.

To the giving of each of which instructions the defendant objected; the court overruled the objections, and gave the instructions.

The counsel for the defendant then requested the court to give the following instructions on his behalf:

1.   No recovery can be had upon the written award offered in evidence, the same being indefinite and uncertain.

2.   No recovery can be had upon the written award offered in evidence, for a greater sum than one-half of $4,502.47, and legal interest from the date of said award, viz., one-half the sum in said award stated, with interest.

3.   The plaintiff is not entitled to recover on the award in evidence, without showing compliance with its terms on his part, and tender or offer to Farr of the portion of the assets of the firm of Johnson & Farr to which Farr was entitled by the terms of the award.

The court refused to give the instructions to the jury; to which ruling of the court the defendant excepted.

The jury found a verdict for the plaintiff, and assessed his damages at $4,750.10; and he thereupon filed a remittiter on said verdict in the following words and figures, to wit:

" $2,375.05.

Of the above amount the plaintiff remits the amount of two thousand three hundred and seventy-five dollars and five cents.

(Signed)          OLOF JOHNSON."

*November 1st,* 1860.

The defendant entered his motion for a new trial, for the following reasons, to wit:

1.   The court erred in giving the several instructions asked for by the plaintiff.

2.   The court erred in not giving the several instructions asked for by the defendant, and refused by the court.

3.   The refusal of the court to give the several instructions asked by the defendant was erroneous as to each several and separate instruction so asked by defendant and refused.

4.   The court erred in rejecting the evidence offered by the defendant.

5.   The court erred in admitting the evidence offered by the plaintiff, and objected to by the defendant.

6.   The verdict is against the evidence.

The court overruled the motion for a new trial.

The court then rendered judgment on the verdict in the following words, to wit:

"It is therefore considered and adjudged by the court, that the plaintiff have and recover of the defendant the said sum of four thousand seven hundred and fifty dollars and ten cents judgment (subject to the aforesaid remittance), together with his costs in that behalf expended, and that he have execution therefor."

H. BIGELOW, and T. G. FROST, for Appellant.

KNOX, EUSTACE & REED, for Appellee.

WALKER, J.   It is insisted that this award was improperly admitted in evidence, because it is contended that it is uncertain whether the sum found to be due to appellee is owing by G. Farr or the firm.   If we look alone to the award, without regard to the account to which it makes reference, the objection might be plausible, but when the paper referred to is examined, the question is relieved of all doubt.   The account presented and acted upon by the arbitrators, is against the firm and in favor of appellee, and contains a charge for payments for the firm of the precise amount found by the arbitrators.   They also allow one and a half per cent. on the next charge, for exchange on the sum paid in New York, reducing the charge one-half.   They then reduce the item of charges for expenses one hundred and twenty-five dollars.   On the next item, they reduce the interest on a portion of the amount charged, to six per cent. to the date of the award.   They then allow the charge of fifteen per cent., as fixed by an agreement referred to in the award.   By these items and others allowed after deducting credits, they find due to appellee the sum of $4,502.47, reducing his claim, as filed against the firm, $539.66.   They also award that the uncollected assets of the firm shall be equally divided, as stipulated by the parties in an agreement referred to in the award.

When we see that this account was claimed against the firm, and not against plaintiff in error, we can clearly see that the sum awarded was against the firm.   Had the account been made out against the appellee alone, it would have been otherwise. But it is insisted that even granting that the amount was due from the firm, it is left in doubt what portion is due the appellee. There is no pretense that there were any partners in the firm but appellant and appellee.   As we understand the rule, when a partnership has been shown to exist, unless rebutted, it is the

presumption that the partnership is equal. Story on Part. 30; 3 Kent Com. 28. The award also indicates that such was their interest, as the award divides the uncollected assets equally between the parties. And there is an entire absence of evidence rebutting the presumption. It then follows, that of the entire sum found to be due to appellee, appellant was liable to pay him one-half of the amount. This being the case, the court erred in the instructions given for appellant, and the jury in the sum found by their verdict.

The error was, however, corrected by the remittitur, and left the true amount which should have been found, and for which the judgment should have been rendered. But it was improperly rendered for the sum found by the jury, and not for the sum which remained after deducting the amount remitted. The order should have recited the finding of the jury, the amount remitted, and then proceeded to render judgment for the remainder.

But the sum being certain and fixed by the evidence, and of such a character as authorizes this court to render judgment, we shall reverse the judgment of the court below, and remand the cause, with directions to the court below to render a judgment for the sum of $2,375.05, being the amount less the interest, and interest from the 31st day of October, 1860, with costs. The appellee to pay the costs of this court.

*Judgment reversed.*