ALEXANDER GUILD *et al.*

*v.*

OBED E. HALL.

1. PLACITA—*construed as to when court convened.* Where the placita of a record shows that the court convened on the third Monday of April, 1877, being the day fixed by law for the court to meet, which is stated parenthetically to be on the 28th day of that month, the latter date, not being required to be stated, will be treated as surplusage or as a mere formal misprision.

224                GUILD *et al.* v. HALL.                [Sept. T.

Opinion of the Court.

2. APPEAL *from justice—amount of judgment.* Where a justice of the peace has jurisdiction of the amount due upon a note, and an appeal is taken to the circuit court, judgment may be rendered in that court for a sum above the justice's jurisdiction, if such excess is for interest accruing since the judgment below.

3. JUDGMENT—*certainty as to amount on remittitur.* A judgment that the plaintiff have and recover of the defendants $205.79, his damages assessed by the jury, less the sum of $5.79, remitted as aforesaid by the plaintiff, is substantially a judgment for $200, and is not erroneous for uncertainty.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. RUFUS KING, for the appellants.

Mr. R. S. WILLIAMSON, and Mr. F. SACKETT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought before a justice of the peace of Cook county, on a promissory note. Plaintiff recovered judgment before the justice, and defendants appealed to the circuit court of that county. A trial was there had, resulting in a verdict in favor of plaintiff for $205.79. A motion for a new trial was entered and plaintiff remitted $5.79, and the motion was overruled and this judgment was entered:

"This day came the said plaintiff, by his attorney, and remits, of the verdict of the jury aforesaid, the sum of five dollars and seventy-nine cents; and, thereupon, came on to be heard the motion of said defendants to set aside said verdict and for a new trial of said cause, and was argued by counsel; and the court, being fully advised in the premises, doth over-rule said motion. Wherefore, it is ordered, and considered by the court, that said Obed E. Hall, plaintiff, recover of said Alexander E. Guild and Henry Guild, defendants, two hundred and five dollars and seventy-nine cents, his damages, so as aforesaid by the jury assessed; less the sum of five dollars and seventy-nine cents, remitted as aforesaid, by the plaintiff,

together with his costs in this behalf expended, to be taxed, and have execution therefor."

From which defendants appeal and urge a reversal.

A number of errors are assigned, but two only are urged in argument. The first is that the record shows the court convened on a day not authorized by law. On turning to the record we find the *placita* states the court convened on the third Monday of April, 1877. It is true the clerk states parenthetically that it was on the 28th day of that month. The law fixes the third Monday as the time for the court to meet, and this convening order states it did meet on that Monday. This is all the law required, and the mere misprision of the clerk, from inadvertence in adding an unnecessary date, can not affect the validity of all the proceedings of the term. His statement of an impossible date where the law requires no date to be given, must be rejected as surplusage, or considered as amended under the second section of chapter entitled "Amendments and Jeofails," as it is at most but a formal misprision. There is no force in this objection.

It is next urged that the judgment is for $205.79, an amount beyond that claimed by the indorsement on the summons and above the jurisdiction of the justice of the peace. If the position of appellant was true, that the judgment was rendered for $205.79, as he contends, we must presume the question is not seriously urged, as we suppose counsel must know of the decisions in the cases of *Tindall* v. *Meeker*, 1 Scam. 137, and *Mitcheltree* v. *Sparks*, id. 198. These cases are conclusive of this objection.

It is also claimed, the judgment is so uncertain that it must, for that reason, be reversed. We fail to perceive any uncertainty as to the amount. We apprehend that no person on reading it would say it was uncertain, but all would say it was for $200 and costs. The language can bear no other reasonable construction. It would have to be tortured from its plain and obvious meaning to hold it was for more than $200. It says it is for $205.79 less the sum of $5.79 remitted as afore-

said, which is a statement that it is for $200. The judgment has only to be read to be so seen and understood. No particular form of words is necessary to be employed in rendering a judgment. If the order is sufficient in substance, that is all the law requires. There can be no question of the sufficiency of this judgment in its material and substantial parts.

But it is urged, that the case of *McCausland* v. *Wonderly*, 56 Ill. 410, must control this case. This we regard as a misconception of the facts of the two cases. In that case the plaintiff expressed a willingness to remit $600 of the verdict, but a *remittitur* was not entered. In this case the *remittitur* was entered of record, and the judgment order so states. It was not there said that the judgment for $1250 less $600 to be remitted was informal because it was not rendered in terms for $650. It was informal because it stated that the $600 was "to be remitted." A judgment for $1250 less $600 is as certain as one for $650. The words are not the same, but the meaning is precisely the same. Perhaps a majority of persons would have, in entering up the judgment, used this language: Wherefore it is ordered and considered by the court, that the said plaintiff recover of the defendant $650, the amount of the verdict remaining after deducting $600 remitted as aforesaid, as his damages aforesaid, assessed by the jury, etc. Yet the judgment as entered expresses the same thing. The broad difference in the two cases must be obvious to all persons. So that case can not be held to govern this.

The case of *Rothgerber* v. *Wonderly*, 66 Ill. 390, is referred to as authority on this question. It was an action on the appeal bond in the case of *McCausland* v. *Wonderly, supra*, and it was there held, that the judgment in that case was for $1250, although the order stated that it was less $600 "to be remitted." That case, like the former, does not hold that the judgment was uncertain because it was for $1250 less $600, but that as no *remittitur* appeared to have been entered it was for the former sum. Hence that case has no bearing on this.

The case of *Farr* v. *Johnson*, 25 Ill. 522, is also referred to by appellant. In that case a written *remittitur* was filed, but the judgment was rendered for the full amount of the verdict, "subject to the aforesaid remittance." The record in that case shows, that the plaintiff filed a *remittitur* in writing of $2375.05, but the judgment order did not find that any *remittitur* had been entered and allowed. Nor does it appear, from any other part of the record, that it was allowed, except in the recital in parenthesis in the judgment order. Thus it will be seen that the language of that judgment and the one under consideration is different. Had that judgment stated that the plaintiff recovered $4750.10 subject to a *remittitur* heretofore filed of $2375.05, then that judgment and this would have been almost similar in substance. There, the amount of the judgment was not specifically stated in the order, but on its inspection a person was referred to a *remittitur*, not appearing in any order or entry of the court, but to be found on a paper filed in the cause and which was not a part of the record. And it is apparent, that in such a case, the amount that the judgment was for was not specified and certain in itself, but depended upon a paper among the files. On the loss of the paper there would have been no means of ascertaining the amount of recovery without the aid of proof as to the execution of the written instrument making the *remittitur*, and its contents. Such judgments are too loose and uncertain. We think there is a well founded distinction between these cases. But if there is not, we would be inclined to modify that decision.

In the case last referred to it was said that the judgment order should have recited the finding of the jury, the amount remitted, and then have proceeded to render judgment for the remainder. In the case at bar the order recites the amount found by the jury, the sum remitted, and then proceeds to render judgment for the sum remaining after deducting the amount remitted, and, we think, literally conforms to what was said in *Farr* v. *Johnson, supra*.

We are unable to see that *Linder* v. *Monroe's Exrs.* 33 Ill. 388, has any bearing on the question. In that case the damages were assessed at $393.79, and the plaintiff remitted $150.22 and judgment was rendered for $272.59, instead of $243.57 the true amount, being an excess of $29.02 above the true amount, after deducting the sum remitted. This case in none of its features is like that under consideration, and can have no bearing on it.

On the petition for a rehearing we have thought proper to consider these cases, as they are earnestly urged upon our attention. But we are unable to see that they require a reversal.

The judgment must be affirmed.

*Judgment affirmed.*