[No. 9345.　Department One.— January 29, 1886.]

T. M. OSMENT, Respondent, v. J. E. McELRATH, Appellant.

Accounting — Findings — Sufficiency of.— The action was brought for an accounting of partnership affairs. The court found upon all the facts alleged in the complaint, some of which were also alleged in the answer, and then found generally that all and singular the allegations in the answer were untrue. *Held*, that the findings were sufficient.

Judgment — Reversal — Immaterial Error — Evidence. — A judgment will not be reversed for harmless and immaterial errors in the admission of evidence.

Partnership — Attorneys at Law — Dissolution — Agreement to Wind up Business — Consideration.— Upon the dissolution of a partnership between attorneys at law, an agreement by one of the partners to wind up the business of the firm, and to pay to the other his share of the fees collected, is not without consideration or void.

Id.— Statute of Frauds.— Such an agreement is not within the statute of frauds, although at the time it was made, the partner did not expect that all the business would be wound up within a year.

Id. — Unfinished Business — Each Partner Entitled to Share in.— After the dissolution, each partner is entitled to share in the fees collected for the unfinished business of the firm.

Evidence — Original Answer not Admissible after Amendment — Immaterial Error.— An original answer which has been superseded by an amended one is not admissible in evidence on behalf of the plaintiff; but its admission, if without injury to the defendant, is an immaterial error.

Acknowledgment of Debt — Written Contract.— Certain letters written to the plaintiff by the defendant examined, and held to be a sufficient acknowledgment of his indebtedness to the plaintiff to constitute a contract, obligation, or liability founded upon an instrument in writing.

Statute of Limitations — Defense of — Pleading.— The statute of limitations cannot be taken advantage of as a defense unless it is pleaded.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*William H. Fifield*, for Appellant.

*H. N. Clement*, for Respondent.

Belcher, C. C.— In July, 1869, the plaintiff and defendant entered into partnership as attorneys and counsel-

lors at law, and took an office in the city of San Francisco. The partnership was continued until the 7th of November, 1874, and then dissolved by mutual consent. At the time of its dissolution all moneys on hand, and all other assets and property of the firm, were equally divided between the partners. There were some fees due, but uncollected, for business which had been finished, and they had several cases in the courts, in some of which the fees were, and in others were not, contingent upon their success. Shortly after the dissolution the plaintiff removed to the state of Tennessee, and there engaged in the practice of the law, while the defendant remained and continued to practice his profession in the city of San Francisco. During the next two years, the defendant attended to the unfinished business of the firm, and disposed of most of it. He won some of the cases in which the fees were contingent and lost others. He collected fees which were earned before and others which were earned after the dissolution.

From early in 1875 until 1881 a correspondence was kept up between the parties about the business of the late firm and the division of the money collected by the defendant therefor.

In July, 1881, the plaintiff returned to this state, and on the 6th of August commenced this action for a settlement of the partnership accounts.

It is alleged in the amended complaint, "that upon the dissolution of the firm, as aforesaid, the defendant voluntarily undertook to attend to all the business, and to conduct all the litigation then pending or necessary, which had been intrusted to said firm; to collect the fees and to wind up the old business of the firm, and to account to plaintiff for his share of said fees." That the business was substantially wound up, and according to the information and belief of the plaintiff, the defendant had received "the sum of about $20,000, for fees due from the business of the old firm on hand at the time of its

dissolution," and had refused to pay to plaintiff any part of the fees so collected.

The defendant demurred to the complaint, and his demurrer was overruled. He then answered, and among other things, denied that he had "received since the dissolution of said firm the sum of $20,000 as fees or otherwise, or any sum as fees or otherwise growing out of the old business of said firm in excess of $10,000." He subsequently filed an amended answer, and in that denied that he had received "any sum as fees or otherwise growing out of the old business of said firm in excess of $6,534.86," and he alleged that the action was barred by the provisions of section 339, subdivision 1, of the Code of Civil Procedure. The court below found that since the dissolution of the partnership the defendant had collected and received from the business of the firm, committed to his hands at the time of the dissolution, the gross sum of $7,144.86; that he had paid out of that sum for necessary costs and expenses the sum of $305; that the reasonable value of his services and labor in the conduct and management of the business so left in his hands was $2,000; and that the plaintiff's action was not barred by the statute of limitations. After deducting from the gross amount received $305, paid out for expenses, and $2,000 for value of services, judgment was entered in favor of plaintiff for one half of the remainder, but without costs.

The defendant appeals from the judgment, and from an order denying a new trial, and assigns numerous errors.

1. The demurrer was properly overruled. It was an ordinary complaint for an account and settlement of partnership affairs, and we think stated all the necessary facts, and with sufficient certainty.

2. The objection that the findings are contradictory cannot be sustained. The court found upon all the facts alleged in the complaint, some of them being also alleged in the answer, and then found generally that "all and

singular the allegations contained in defendant's amended answer are untrue." In *Cary* v. *Brown,* 58 Cal. 184, this court overruled a similar objection, and said: " The findings are upon the issues of fact, and in this case must be limited to the conflicting allegations of the pleadings."

3. When the plaintiff was testifying in his own behalf, after stating what defendant volunteered to do about the unfinished business, he was going to state what he " understood." An objection was interposed, but the witness went on and stated he did not " suppose " defendant intended to charge —

Immediately defendant's counsel moved to strike out as irrelevant and immaterial what the witness supposed. The motion was denied, and exception reserved.

Conceding that the ruling was erroneous, still it worked no harm to the defendant, as he was afterward allowed to charge for his services, and was awarded what the court considered to be full compensation therefor.

The rule is well settled that for harmless and immaterial errors judgments are never reversed.

4. There is nothing in the point that the defendant's undertaking to wind up the business and to pay to the plaintiff his share of the fees was without consideration, and therefore void; nor in the further point that, as the business was not expected to be all wound up within a year, the agreement was within the statute of frauds. The business was intrusted to the firm, and it was the duty of both parties to conduct it to an end. This duty they owed to the clients and to each other, and it continued after the dissolution as to all unfinished business. But as between themselves they might divide the labor and the fees as they pleased; and it cannot be said, as matter of law, that because the defendant gratuitously undertook to do and has done all the work in particular cases, the plaintiff is therefore not entitled to any share of the compensation received in such cases; nor can it be

said after the work is done that the defendant is entitled to claim all the compensation, because when he undertook to do it, it was not expected to be completed within a year. Doubtless the defendant might have refused to go on and attend to the cases alone, but he did not do so, and now the objection cannot avail him.

5. The court permitted the plaintiff, against the objections of the defendant, to read in evidence that portion of the original answer which denied that the defendant had received as fees for the old business to exceed ten thousand dollars. The original answer had been superseded by an amended answer, and the ruling was clearly erroneous. (*Pouce* v. *McElvy*, 51 Cal. 223.) The error did not, however, work any injury to the defendant. Taking his report of the amounts collected in his letter to the plaintiff, under date of October 4, 1879, and his testimony on the stand, showing that he collected in *Hitchcock* v. *Clark* five hundred dollars, and in *Allen* v. *Chittick* eleven hundred dollars, more than was reported, it clearly appears that he had received a considerably larger sum than was found by the court.

6. It is insisted for the defendant that the plaintiff is not entitled to any share in the fees which were contingent and were earned after the dissolution, and if he is entitled to some share, still the amount allowed him, in view of the labor and expenses of the defendant, was far too large.

It is evident from the correspondence which was carried on between the parties during all the time the work was being done by the defendant, that it was understood by both of them that the plaintiff was to share in the fees, and the only difficulty which finally arose was as to what that share should be. Thus, in a letter written to the plaintiff in January, 1877, the defendant says: " I am desirous of settling up our old business. Since you left here in November, 1874, I have collected various sums from the partnership business. In some instances the

cases in which the collections were made had been terminated; in others some service had been rendered by us, and the payments were on account. In the first class of cases it is just to divide the amounts received by me since your departure. In the other class an equitable apportionment should be made."

The general rule is, that a partner is not entitled to any compensation for services rendered by him to the partnership (sec. 2413, Civ. Code), and it applies after as well as before dissolution.

Collyer states the rule as follows:—

"As it is the duty of each partner to devote himself to the interests of the concern, to exercise due diligence and skill for the promotion of the common benefit of the partnership, it follows that he must do it without any reward or compensation, unless there is an express stipulation to that effect. And there is no difference in this respect, though the duties performed by the partners have been very unequal in value and amount."

"As the power of partners, with respect to rights created pending the partnership, remains after the dissolution, so also do their mutual obligations. It is, therefore, the duty of those who are appointed to wind up the affairs of the partnership to do everything for the utmost advantage of the concern. No partner can make any use of the property inconsistent with that purpose, nor, in performance of this business, can he claim to himself any particular reward or compensation for his trouble." (Collyer on Partnership, secs. 186, 199.)

This is the rule of commercial partnerships, and as said by the Supreme Court of the United States, there may possibly be some reason for applying a different rule to cases of winding up partnerships between lawyers and other professional men, where the profits of the firm are the result solely of professional skill and labor. No adjudicated cases, however, with which we are acquainted, recognize any such distinction." (*Denver* v. *Roame*, 99 U. S. 359.)

We are not called upon to say whether the distinction referred to should have been made in this case, as it was made by the court below, when it allowed the defendant two thousand dollars for his services, and the plaintiff acquiesces in the allowance.

We are satisfied that the plaintiff was entitled to share in the fees collected for the unfinished business, and in view of the conflicting testimony as to what the defendant's services were reasonably worth, we cannot say that the apportionment was not equitable and just.

7. It is claimed that the action was barred because not commenced within two years after the money was collected.

The claim cannot be maintained. In the letters written by defendant to plaintiff, his obligation to pay over a share of the money is frequently referred to and admitted. In one he says: "Porter has paid the money, so has Campbell, and I will shortly transmit your portion of that and of all other money that I collect." In another: "I certainly will have plenty of money in a very short time, and the moment I can get it I shall not fail to forward all that is coming to you. I sincerely trust that you can comfortably get along until I can pay you." In another: "I hope to be able to forward you the money I owe you very soon, and would have done so before now, but have been unable to do so." In another, speaking of the early settlement of a case, he says: "The moment it is done I will be 'flush,' and will then make you a remittance." In another: "I would like to settle with you, but have no ready money. . . . . The very earliest moment possible I will settle up." In another: "I wish you would look over the amounts received, and write me back what you think it fair for me to pay you, and I will do what is right." In another: "We are having very hard times in California now, and money was never scarcer; but I hope within the next two months to square up my account with you to our mutual satisfaction. I hope you can be

patient, for I know you are not hard pressed, — not near so much as I am. I intended to have written you as you requested, stating what my opinion was as to what would be a fair share for you to have of our contingent business, but have not done so."

The letters were all signed by the defendant, and the portions quoted from them are sufficient acknowledgments to constitute a contract, obligation, or liability, founded upon an instrument in writing. (*Ashley* v. *Vischer*, 24 Cal. 322; *Farrell* v. *Palmer*, 36 Cal. 187.) But the defendant did not plead the four years limitation, and cannot now avail himself of it.

On the whole, we can see no error in the record prejudicial to the appellant, and the judgment and order should be affirmed.

SEARLS, C., concurred.

FOOTE, C., did not participate in this case.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.