[Civ. No. 3754.   First Appellate District, Division One.—February 19, 1921.]

MABEL WRIGHT, etc., Appellant, v. SEYMOUR H. ROBINSON et al., Respondents.

[1] PARTNERSHIP—SERVICES BY PARTNER—COMPENSATION.—A partner is not entitled to any compensation for services rendered by him to the partnership, in the absence of an agreement to that effect.

[2] ID.—ACCOUNTING — SALARY FOR CONDUCT OF BUSINESS — IMPLIED AGREEMENT—INSUFFICIENCY OF EVIDENCE.—In this action for a partnership accounting, the evidence does not support the contention of the defendant of the existence of an implied agreement to pay a salary for the management and conduct of the business.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Reversed.

The facts are stated in the opinion of the court.

John D. Willard for Appellant.

William B. Beaizley for Respondents.

KERRIGAN, J.—This is an appeal from a judgment rendered on a partnership accounting.

The main question presented for consideration is the right of one partner to a salary for the management and conduct of the business. By its judgment the trial court awarded defendant Hulihan an allowance for such services, and it is the claim of the appellant that the evidence does not support the findings and judgment in this particular.

[1] As a general rule, one partner is not entitled to any compensation for services rendered by him to the partnership, in the absence of an agreement to that effect. (Civ. Code, sec. 2413; *Nevills* v. *Moore Mining Co.,* 135 Cal. 561, [67 Pac. 1054].) [2] Respondent concedes this to be the rule, but claims that there was an implied agreement that the salary here claimed and allowed should be paid. The evidence does not support this contention. It appears therefrom that the plaintiff and defendant Robinson were owners and partners in a certain saloon situated in this state at Taft, Kern County, and that they conducted the same as such partners from about April, 1911, to February 16, 1916, and during such time were equal owners and equally entitled to the profits thereof. Plaintiff Wright, who resided in San Francisco, had contributed the entire capital, and Robinson managed the business. On the date last mentioned Robinson, without the knowledge or consent of plaintiff, made an agreement in writing with defendant Sill, by the terms of which he agreed to convey and deliver to the latter a one-half interest in the business and property. At this time the business was indebted in the sum of about twelve thousand dollars, and Robinson claimed to be the sole owner thereof. Under the terms of the agreement Sill was to pay off the indebtedness. Sill had acquired this interest for defendant Hulihan, whom he forthwith put in possession under his agreement with Robinson. Hulihan was to have complete management and control of the business, and was to receive the interest acquired by Sill from Robinson when all money advanced and procured by Sill in liquidation of the debts of the business were repaid to him. By

express agreement both Robinson and Hulihan were to receive salaries for their labor and services until such debts were paid, when the salaries were to cease, and thereafter the partners were to divide the profits between themselves share and share alike. The debts were paid, and Hulihan acquired the interest agreed upon. Mrs. Wright, who knew nothing of this transaction, went to Taft some time thereafter for the purpose of investigating her business, as she had not received any profits therefrom or heard from Robinson, her partner, for several months. She then learned for the first time of the actions of Robinson from Hulihan. After negotiations between the parties Mrs. Wright agreed that Hulihan should retain his one-half interest, and she further agreed with Robinson that they would own the remaining one-half in the business between them. The evidence discloses the fact that the defendants Hulihan and Sill acted in entire good faith in the transaction and knew nothing about Mrs. Wright's interest in the business and property, as the same stood of record in Robinson's name alone. After the agreement between the parties to become partners, as above indicated, Hulihan continued to manage the business until July 1, 1918, when by operation of law it ceased to exist. At the time of the new arrangement and when plaintiff was recognized as a partner by Hulihan nothing was said between the parties as to the payment of a salary to anyone, and there is no evidence from which the existence of any such agreement can be inferred, the agreement simply being that Mrs. Wright thereafter was to receive one-quarter of the profits of the business. This being so, the case falls within the rule that in the absence of an agreement a partner is not entitled to compensation for services rendered to the partnership. Defendant Hulihan having custody of the partnership assets, is accountable to plaintiff for her full share in the same, freed from any deductions on account of his claims for services.

For the reasons given the judgment is reversed.

Waste, P. J., and Richards, J., concurred.