[Civ. No. 4874. First Appellate District, Division Two.—October 20, 1924.]

JOHN C. ROSS, Appellant, v. L. M. BURR, Respondent.

[1] PARTNERSHIP—DISSOLUTION—ACCOUNTING—UNPAID LIABILITIES—EVIDENCE—FINDINGS—APPEAL.—In an action to obtain a decree adjudging that the partnership theretofore existing between plaintiff and defendant had been dissolved, and to obtain an accounting, where the record on appeal is incomplete, and does not show what evidence was introduced or what proceedings were had and taken before the referee appointed by the trial court to take the account, and, although the record does show the existence at times of certain debts, it does not show whether they were partnership debts or debts of plaintiff personally, the appellate court cannot say that the finding of the trial court that "there are no unpaid liabilities against said copartnership" is not supported by the evidence.

[2] ID.—WINDING UP BUSINESS—COMPENSATION—EXPENSES.—In such action, where the partnership agreement did not provide any term for its duration and plaintiff expressed his will to defendant to dissolve the partnership, by serving a written notice on him to that effect, when plaintiff thereafter proceeded to conduct the partnership business he was acting in a twofold capacity; in so far as he was completing contracts theretofore entered into by the partnership he was acting for the partnership, and in so far as he was conducting new business he was acting in his own behalf; and in neither capacity was he entitled to charge compensation for his services, although if, in completing contracts theretofore entered into by the partnership, he incurred any expenses, he was entitled to an allowance therefor.

[3] ID.—SHORTAGE—EVIDENCE—LIABILITY.—In an action to obtain a decree adjudging that the partnership theretofore existing between plaintiff and defendant had been dissolved, and to obtain an accounting, the appellate court cannot say that the trial court erred in failing to charge defendant with certain shortages in the accounts where, although the evidence does show that defendant did have a certain possession and charge of the accounts

1. See 20 Cal. Jur. 836.

2. Powers, rights, remedies and liabilities of partners after dissolution, note, 40 Am. St. Rep. 561.

Power of partners to dissolve partnership for definite period, note, 77 Am. St. Rep. 319.

Right of liquidating partner to compensation, note, 20 Ann. Cas. 1059. See, also, 20 R. C. L. 979; 20 Cal. Jur. 818.

of the partnership during the period the shortage occurred, there is evidence showing that defendant's possession of the accounts was not exclusive and the record does not show whether the shortage was by reason of sums of money drawn out by defendant or, perhaps, in part by him and in part by plaintiff.

(1) 4 C. J., p. 535, sec. 2329.    (2) 30 Cyc., p. 689 (Anno.).    (3) 30 Cyc., p. 737.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gerald C. Halsey and Frederic T. Leo for Appellant.

Charles Baer for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to obtain a decree adjudging that the partnership theretofore existing between him and the defendant had been dissolved and to obtain an accounting. From parts of the last decree entered the plaintiff has appealed.

In September, 1916, the plaintiff and defendant formed a partnership and commenced to deal in laundry machinery. They so continued until the twenty-third day of December, 1920. On that date the plaintiff expressed his will to defendant to dissolve the partnership and served a written notice on him to that effect. Thereafter the plaintiff continued to conduct the business in the usual manner and, in doing so, completed outstanding contracts and endeavored to get, and did get, new business. From the twenty-third day of December, 1920, it does not appear that the defendant attended at the place of business or that he took any part in the conduct and management of the business. In the meantime the plaintiff commenced this action by filing a complaint on December 24, 1920.

During the trial the court entered several decrees as will herein later appear. The last one was entered August 2, 1922.

By the terms of the decree last mentioned the court ordered that the plaintiff retain as his own $3,179.35, moneys

found to be in his hands at that time; that the receiver pay to the plaintiff $316.82; that the plaintiff pay one-half of the receiver's fee fixed in the sum of $100. The court also ordered that the defendant retain $100, found to be in his hands; that the receiver pay to the defendant $1,890.18; and that the accounts receivable $1,505.14 be set over to the defendant. By the terms of the notice of appeal the plaintiff appealed from those portions of the above-mentioned decree which awarded moneys and accounts to the defendant.

The respondent objects to the hearing of the appeal and asks that the appeal be dismissed because the appellant does not appeal from the whole judgment but accepts the benefits of the judgment and attempts to appeal from the rest of the judgment. In this behalf he cites *Walnut Irrigation Dist.* v. *Burke,* 158 Cal. 165 [110 Pac. 517]. For reasons which will presently appear we think it best to make no ruling on the motion but to decide the appeal as best we can on the record before us.

The appellant makes three points as follows:

"I. The Judgment and Order of August 2d, 1922, is erroneous because a distribution of the assets of the partnership is ordered to the respective partners, without first providing for or directing the payment of partnership debts.

"(a) The finding in the said Judgment and Order of August 2d, 1922, that 'there are no unpaid liabilities against said copartnership,' is totally unsupported by, and is contrary to the evidence.

"II. The said Judgment and Order of August 2d, 1922, is erroneous in failing to make a special allowance to plaintiff for his services, subsequent to the dissolution of the copartnership on December 23d, 1920, and for necessary expenses.

"III. The said Judgment and Order of August 2d, 1922, is erroneous in failing to charge defendant with shortages in the sum of $1,268.30."

[1] We have examined the record with a great deal of care and we do not find that the record presents the data which will enable us to determine any one of the points. In his complaint the appellant alleged the formation of a partnership between himself and the respondent and that the partnership agreement did not provide any term for the duration

of said partnership. He also alleged that on the twenty-
third day of December, 1920, the plaintiff delivered to the
defendant a notice in writing expressing his will dissolving
the partnership. There was no denial in the answer of either
allegation. The trial court made findings of fact which found
in plaintiff's favor both allegations, but as a conclusion of
law the trial court found that the partnership be dissolved
as of the date the 19th of January, 1922, the date of signing
the findings. The findings also purported to state an ac-
count down to July 1, 1921, and directed another account
to be had July 1, 1921, to January 19, 1922. Later the court
directed another account to be taken January 19, 1922, to
March 11, 1922. No objection or exception was made or
entered by either party to any of the foregoing steps or
proceedings. Then on August 2, 1922, the judgment, a part
of which is appealed from, was entered.

The account last mentioned was had and taken before a
referee named for that purpose. As to what evidence and
what proceedings were actually had and taken before him
does not appear. The record before us is typewritten and
covers more than 411 pages, but there are numerous state-
ments therein to the effect that certain books and papers
which were introduced in evidence are not copied in the
transcript. The transcript does not show what debts, if any,
were outstanding on the twenty-third day of December, 1920,
the day that the plaintiff expressed his will dissolving the
partnership. The transcript does show the existence at times
of certain debts, but it does not show such facts in connec-
tion therewith that this court can say that the debts so
mentioned are, or are not, partnership debts. After the twenty-
third day of December, 1920, when the appellant was trans-
acting business, it appears that he incurred certain expenses.
What portion of those expenses was incurred in finishing
contracts theretofore entered into by the partnership, and
what portion was incurred on new business, is not shown by
the transcript. The judgment dated August 2, 1922, recited,
"there are no unpaid liabilities against said copartnership."
The condition of the record is such that we are unable to
say that the finding so made is not supported by the evi-
dence.

On the trial of the case the appellant contended that the partnership was dissolved as of the date of December 23, 1920; that was the appellant's theory, but as we have stated above, no objection or exception was entered which authorizes this court to review any ruling of the trial court to the contrary. [2] When the appellant proceeded after December 23, 1920, to conduct the partnership business he was acting in a twofold capacity. In so far as he was completing contracts theretofore entered into by the partnership, he was acting for the partnership; in so far as he was conducting new business, he was acting in his own behalf. In neither capacity was he entitled to charge compensation. If, in completing contracts theretofore entered into on behalf of the partnership the appellant incurred any expenses, he was entitled to an allowance therefor. (30 Cyc. 688.) But in the record before us he has not so segregated and listed the items that the trial court could enumerate and list the same, nor that this court can review the matter.

[3] The transcript contains evidence showing that the defendant did, before December 23, 1920, have a certain possession and charge of the accounts of the partnership and that, as of the date last mentioned, the accounts did not balance but indicated a shortage. However, there is evidence in the record that the defendant's possession of the accounts was not exclusive and the evidence does not show whether the apparent shortages, $1,268.30, were caused by reason of sums of money drawn out by the defendant or, perhaps, in part by him and in part by the appellant. Under those facts the trial court did not err in refusing to charge the defendant with the shortages mentioned.

From what has been said above, it is clear that no one of the points made by the appellant can be sustained on the record which he presents.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.