[Civ. No. 6152. First Appellate District, Division Two.—February 25, 1928.]

JOHN C. COOK, Appellant, v. FRANK BRYSON, Public Administrator, etc., Respondent.

R. T. Lightfoot for Appellant.

Edward T. Bishop, County Counsel, and W. Sumner Holbrook, Jr., Deputy County Counsel, for Respondent.

MURPHEY, J., *pro tem.*—This is an appeal from a judgment of the superior court of the state of California in and for the county of Los Angeles in an action brought by the plaintiff and appellant herein against the defendant and respondent, the public administrator of Los Angeles County, duly qualified and acting as the administrator of the estate of Harry Linthecum, deceased. At the conclusion of plaintiff's testimony the case was submitted without evidence on the part of defendant. Judgment went for defendant, findings being expressly waived.

The action is based upon two distinct classes of services alleged to have been performed by the plaintiff for the decedent. First, the sum of $1,200 for services rendered by the plaintiff for managing a hotel business, being the partnership property of the plaintiff and the deceased, for a period of two years, during which time the deceased, on account of sickness, was unable to perform any considerable part of the partnership work. Second, the sum of $1,200 for services rendered by plaintiff to deceased in nursing and caring for him during the said period of two years' sickness; for an additional sum of $131 for the board of special nurses attendant upon the deceased during his last illness and an item of $3.60 for telegrams and cleaning clothes.

■ In support of the claim for services rendered to the partnership business there is no allegation in the complaint and no suggestion in the record anywhere that any agreement for compensation had ever been entered into or discussed between the plaintiff and the deceased. Without such an agreement the law is clear that no recovery can be had under such circumstances. Section 2413 of the Civil Code provides: "No compensation for services to firm. A partner is not entitled to any compensation for services rendered by him to the partnership."

In the case of *Osment* v. *McElrath*, 68 Cal. 471 [58 Am. Rep. 17, 9 Pac. 731], the supreme court of this state quotes from Collyer as follows: "As it is the duty of each partner to devote himself to the interests of the concern, to exercise due diligence and skill for the promotion of the common benefit of the partnership, it follows that he must do it without any relation to that effect. And there is no difference in this respect, though the duties performed by the partners have been very unequal in value and amount. . . . This is the rule of commercial partnerships . . . " The court quotes in support of this rule *Denver* v. *Roane*, 99 U. S. 359 [25 L. Ed. 476].

In *Wright* v. *Robinson*, 51 Cal. App. 461 [197 Pac. 149], the court says: "The court had before it an appeal from a judgment rendered on a partnership accounting. The main question presented was the right of one partner to a salary for the management and conduct of the business. The trial court awarded the defendant Hulihan an allowance for such services." In reversing this judgment the court uses the following language: "At the time of the new arrangement and when plaintiff was recognized as a partner by Hulihan nothing was said between the parties as to the payment of a salary to anyone, and there is no evidence from which the existence of any such agreement can be inferred, the agreement simply being that Mrs. Wright thereafter was to receive one-quarter of the profits of the business. This being so, the case falls within the rule that in the absence of an agreement a partner is not entitled to compensation for services rendered to the partnership. Defendant Hulihan having custody of the partnership assets is accountable to plaintiff for her full share in the same, free from any deduction on account of his claims for services." It may be said in

this connection that Mrs. Wright, the plaintiff, personally took no part in the conduct or management of the partnership business which was conducted at Taft, Kern County, while she resided in the city of San Francisco.

With respect to the second charge for nursing and care of deceased and board of special nurses who attended deceased during the last few months of his illness, it may be said that during the two years of illness of the deceased immediately preceding his death, the plaintiff did perform numerous services daily throughout said period of time and that the services so performed were reasonably worth the amount claimed therefor and that said services were performed with the consent, acquiescence, and, possibly in a few instances, at the request of the deceased. However, it must be said with respect to this item as was said *supra*, with regard to the partnership services that there was no allegation in the complaint and no suggestion in the record that anything was ever said by either of the parties to each other or to any other person that the plaintiff expected compensation for his services or that any intimation had ever been given to the deceased that a claim for compensation was accumulating against him. Under such circumstances no doubt the judge of the trial court drew the inference, and it was a perfectly reasonable inference, that the determination of the plaintiff to make a charge for his services was an afterthought, the subject matter of which had never occurred to either of the parties during the lifetime of the deceased. The record discloses that the partners were intimate friends and business associates and had been such during a long period of time. The deceased stated to his physician that he "looked upon Cook as a brother in business," "that he would rather have him than anybody to wait upon him."

The law seems to be well settled that under the circumstances presented by the evidence in this case, where these services are performed without any express agreement for compensation, the natural inference is that the services were not rendered in expectation of remuneration, but, on the contrary, that they were spontaneous acts of courtesy and kindness and that the presumption ordinarily prevailing that the services were to be paid for cannot be invoked and implied. (*Newbert* v. *McCarthy*, 190 Cal. 723 [214 Pac. 442].)

In *Moulin* v. *Columbet*, 22 Cal. 509, the supreme court said: "Where services were originally rendered gratuitously, they cannot afterwards be converted into a charge. A court will not permit a friendly act, or such as was intended to be an act of kindness or benevolence, to be afterwards converted into a pecuniary demand."

In the case of *Smith* v. *Riedele*, 60 Cal. App. 551 [213 Pac. 281], a case in which the parties were, as in this case, not related by consanguinity or affinity, Justice Works says: "In a recent case in which a niece had long resided with her uncle, practically in the capacity of a daughter and had brought suit against his personal representative to recover the value of services rendered, the Supreme Court approved the following language of a textwriter: 'Ordinarily, where services are rendered, and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where services are rendered by members of a family, living in one household, to each other, or necessaries are supplied by one near relation to another, the law will presume that they were gratuitous favors merely, prompted by friendship, kindness, and the relationship between them. And in such case, before the person rendering the service can recover, the express promise of the party served must be shown or such facts and circumstances as will authorize the jury to find that the services were rendered in the expectation by one of receiving, and by the other of making compensation therefor.' . . . In an earlier case of the same nature the Supreme Court used the following language: 'It has been said many times that the question is one that must be determined on the circumstances of the particular case, the question in each case being whether it can reasonably be inferred that pecuniary compensation was in the view of the parties at the time the services were rendered. . . . Our own decisions appear to support the doctrine that to authorize compensation in such cases the circumstances must be such as to warrant the inference that it was the expectation of both parties that compensation should be made.' (*Crane* v. *Derrick*, 157 Cal. 667 [109 Pac. 31].)" To the same effect is the case of *Ruble* v. *Richardson*, 188 Cal. 150 [204 Pac. 572]. In the instant case in addition to the extremely friendly relations existing between the parties this significant circumstance bears directly on the intention of

the parties. The record discloses that during a portion of the time covered by the plaintiff's services other nurses were employed and attended the deceased for which services the deceased paid a stipulated weekly sum. Under such circumstances we think the trial court may have fairly inferred that the deceased, had he known that plaintiff was charging for his services, would have at the same time settled that obligation.

As to the plaintiff's claim for an item of $131 for board of special nurses the evidence is very indefinite, uncertain, and unsatisfactory. It may be assumed from the evidence that the parties boarded at the hotel constituting the partnership property and the plaintiff did the cooking. The plaintiff cooked for and supplied the deceased with food and there is also testimony that he furnished meals to one of the special nurses. There is no evidence that the deceased had agreed to board or pay for the board of these special nurses or any one of them. The most reasonable inference to be drawn from this situation is that the food supply was partnership property and paid for out of partnership funds. The record discloses the fact to be that the plaintiff had full possession, control and management of all the partnership funds.

We think that judgment of the trial court was correct, and it is therefore affirmed.

Sturtevant, J., and Koford, P. J., concurred.