[Civ. No. 9761.   Third Dist.   July 13, 1960.]

AMBROSE WALSH, Respondent, v. JACK RUBIN AND SONS, INC. (a Corporation), Appellant.

Bell & Cox and Charles R. Bell for Appellant.

Broaddus & Golden for Respondent.

SCHOTTKY, J.—From January, 1954, to March, 1957, Ambrose Walsh was employed by Jack Rubin and Sons, Inc. (hereafter referred to as Rubin) in the operation of a sales and service business of wire rope and other logger's supplies. These supplies were furnished by Rubin from its Los Angeles office. By the terms of the contract of employment Walsh was to receive commissions of 7½ per cent based on the gross profits of the business as his compensation. Gross profits were defined by the parties as "the gross receipts derived from the operation of the venture less all operating costs, which operating costs shall be deemed to include, but not be limited to, all wages and salaries including the fixed salary of Walsh, all overhead costs, including rent, utilities, and insurance, the depreciation of capital assets to be used in the operation of the venture, including trucks, automobiles and fixtures in accordance with Rubin's regular accounting practices and expense attributable to the preparation and delivery of merchandise, either to the warehouse of the venture, or directly to the purchaser as the case may be."

During the period of the relationship Walsh received commissions and drew advances against commissions. From time to time Rubin rendered statements to Walsh and according to Walsh these were questioned by him as to their accuracy. Walsh was discharged in March, 1957, and thereafter filed an action against Rubin, the first count alleging that an accounting would disclose an unstated balance of commissions

due Walsh; and the second count alleging that by reason of Rubin's breach of the agreement Walsh had been damaged in the sum of $20,000. Rubin filed an answer denying that any sum was due Walsh and also filed a cross-complaint for sums alleged to be due from Walsh because of sums advanced by Rubin to him in excess of commissions earned.

At the trial the written contract, six purported commission statements given to Walsh by Rubin, and the ledger of Rubin containing the record of sales, expenses and all the accounts pertaining to the venture involved in the instant action were introduced in evidence. The president of Rubin, called by plaintiff Walsh and examined under section 2055 of the Code of Civil Procedure, testified that the books of account were prepared by an accountant and that he believed them to be correct, although he was not familiar with all of the entries the books contained.

The trial court concluded that it was unnecessary to order an accounting, and from the evidence and records introduced determined that Walsh was entitled to the sum of $3,960.42 as commissions due him, less the sum of $391.74 which was funds received and retained by him with the knowledge and permission of Rubin. Judgment was entered in favor of Walsh for $3,568.68, and Rubin has appealed from the judgment.

Appellant does not attack the sufficiency of the evidence to sustain the judgment, and we are satisfied that the record fully supports the judgment. Appellant's major contention is that the court erred in not ordering an accounting and in proceeding to decide the case without an accounting. It is true that appellant did express a desire at the trial to have an accounting ordered, and the record shows that the court requested the parties to submit authorities on whether an accounting should be ordered; but this was after the parties and other witnesses had testified, and after the books and records were introduced. After the court announced that it would not order an accounting and that it had concluded from the evidence that respondent was entitled to judgment in the sum of $3,568.68, appellant made no motion to reopen the case for further testimony. And after judgment was entered appellant made no motion for a new trial, but filed a notice of appeal from the judgment within two days after its entry.

We believe that it was a matter entirely within the discretion of the trial court to determine whether it was necessary to refer the accounting to an accountant, and that there was no error in refusing to grant appellant's request

for such reference. The trial court may well have concluded from the evidence in this case that reference to an accountant would not help the court in a correct determination of the issues involved. ■ As was stated by this court in *Berkowitz* v. *Kiener Co.*, 37 Cal.App.2d 419, at page 426 [99 P.2d 578]:

"Section 639 of our Code of Civil Procedure provides that the trial court in certain cases may appoint a referee for the taking of an accounting, but there is nothing in said section, or in any decision of our appellate courts, which makes it mandatory for the court to order such reference. Appellants cite some cases from other jurisdictions which seem to hold that it was error in certain cases for a court to deny a reference, but these cases are clearly against the weight of authority. ■ The true rule is clearly set forth in 10 Ruling Case Law at page 510, as follows:

" 'Inasmuch as references are ordered merely as an aid and assistance to the court, a reference is not necessary and may be dispensed with in any case where the court can get along well enough without it. Ordering a reference is therefore a matter of discretion. A reference will not be ordered even in a matter of account where the transaction to be considered is short and in no respect complex, and it is ordinarily within the discretion of the court, if for any reason it deems it proper to do so, to state the account itself, after an examination of the testimony. Questions fit for reference will be determined by the court itself without a reference, whenever it can conveniently do so, to the saving of time and expense.'

"That this is the rule in California is shown by the following cases: *Emery* v. *Mason*, 75 Cal. 222 [16 P. 894]; *Fox* v. *Hall*, 164 Cal. 287 [128 P. 749]; *Putman* v. *Superior Court*, 209 Cal. 223 [286 P. 425]."

■ Furthermore, if appellant was not satisfied that all the evidence it wished to have before the court had been introduced, it should have made a motion to reopen the case, or after the judgment was entered should have made a motion for a new trial. Having failed to do either, it is hardly in a position to complain that the evidence was incomplete.

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.