16  37
128  212
29a  369

JOHN ROACH et al., Plaintiffs in Error, v. LEWIS L. PERRY, Executor of Jacob Roach, Defendant in Error.

### ERROR TO RANDOLPH.

Where a partnership exists, and the interests of the respective partners are not proved, the law presumes that their interests are equal.
A partner cannot charge his co-partner for his labor, care and diligence in the partnership business, unless there is a special agreement to that effect.

THIS cause was heard before UNDERWOOD, Judge, at May term, 1853, of the Randolph Circuit Court.

G. KOERNER and R. S. NELSON, for Plaintiffs in Error.

N. L. FREEMAN, for Defendant in Error.

CATON. J.   Several questions were raised and discussed on the argument of this suit, only a part of which it will be necessary to examine, as some of them, such as the exceptions to the master's report, do not arise upon the record, and others are questions of practice too well settled to require examination here.

The first to be considered is a question of fact, as to whether a partnership was proved, and indeed this is the principal question in the case. We agree with the circuit court that the proof does satisfactorily establish a partnership. It is shown that the intestate and the defendants below, owned the farm in common, and whether their interests in the farm were equal or not, is quite immaterial to the present inquiry. The defendants resided upon and worked the farm most of the time, and so far as appears, generally at least, disposed of the surplus produce. The intestate resided in town, where he was engaged in other business. He was in the constant habit of purchasing stock for the farm, implements of husbandry, which were used thereon, and paying mechanics' bills, &c. A brick house was built upon the farm, for the material and work of which, the intestate paid principally

if not entirely, so far as payments are proved to have been made ; and Paschall, one of the witnesses, says, " I understood from all the Roaches that they worked the farm in common, and in partnership." When the complainant sued the defendants, at law, for the advances made by the intestate, they set up and proved in defense, that they were in partnership in the conduct and management of the farm, whereupon the plaintiff in that action took a non-suit, and filed this bill for an account, as among partners. To rebut all this proof of the existence of the partnership, there is absolutely nothing, and we cannot hesitate a moment in coming to the conclusion that a partnership did exist.

The proof is silent as to the extent of the interests of the several partners in the concern, so that is left to be determined by legal inference. Where the proof shows a partnership, but does not show the respective interests of the several members of the firm, the law will presume that they were equal partners, so that in this case we must conclude that each of the three partners had one-third interest in this enterprise. It was properly determined that neither of the partners was entitled to charge the others, or the concern, for his labor, care and diligence, in attending to the partnership business, there being no proof of any special agreement among the partners, entitling either party to such compensation. *Lewis* v. *Moffet*, 11 Ill. 392.

A reference was made to the master to state an account among the partners, upon the principle that they were equally interested. From the report of the master it is manifest that he made a mistake in his mode of computation, against the estate of the intestate, by which the amount due the complainant for advances over and above his share, as an equal partner with the others, was very considerably reduced. But of that he cannot now complain. It is enough for the present purpose, that it is very clear, from the master's report, that the report does not charge the defendant with any too much.

The decree of the circuit court is affirmed.

*Decree affirmed.*