CAOGNARD v. TARNKE et al. (No. 8083.)

(Court of Civil Appeals of Texas. Dallas. March 23, 1918.)

1. PARTNERSHIP ⬤⟹243 — "SURVIVING PARTNER."

A surviving partner is one who during existence of the partnership outlives the others; and so the relation, with its attaching rights, cannot arise, where the partnership is dissolved by agreement, and the partner continuing the business dies; notwithstanding provision of the dissolution agreement that he should collect and divide with the retiring partner certain accounts due the partnership.

2. RECEIVERS ⬤⟹16—GROUNDS OF APPOINTMENT—DENIAL OF INTEREST.

Mere denial of plaintiff's interest in accounts, which he claims he and defendant's intestate owned jointly, and intestate agreed to collect and divide the proceeds with him, is not ground for appointment of receiver therefor.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Joseph A. Caognard against Mrs. Fred Tarnke and another. From an adverse judgment, plaintiff appeals. Affirmed.

M. M. Parks and L. P. De Lee, both of Dallas, for appellant. W. J. Rutledge, Jr., of Dallas, for appellees.

RASBURY, J. This is an appeal from the action of the trial court in sustaining a general demurrer to appellant's petition. The suit was against Mrs. Fred Tarnke, surviving widow of Fred Tarnke, deceased, and W. J. Rutledge, Jr., temporary administrator of the estate of said deceased. The purpose of the suit was to establish appellant's joint ownership in certain accounts due the former partnership of Fred Tarnke & Co., and the appointment of a receiver to take charge of and collect said accounts for the benefit of appellant and appellees. The facts disclosed by the petition are in substance these: From February 15, 1917, to December 15, 1917, appellant and the deceased, Fred Tarnke, were partners and brokers under the firm name of Fred Tarnke & Co., engaged in selling merchandise on a commission. On said December 15, 1917, the partnership was dissolved by mutual consent. At dissolution certain commissions were outstanding and to become due said firm, aggregating $2,500 which were not adjusted in the dissolution, but it was agreed between the parties at the time that said commissions should be paid to and received by said firm and equally divided between appellant and Tarnke, who continued the business. Tarnke died January 8, 1918, up to which time there had been no settlement of any of said commissions due the former partnership. It was not shown that Tarnke prior to his death, or appellees subsequent thereto, had collected any of said commissions. After the death of Tarnke and before commencement of suit appellee Rutledge was appointed temporary administrator of the estate of said Tarnke. Mrs. Tarnke, the surviving wife, and Rutledge, the temporary administrator, denied the existence of any partnership between appellant and Tarnke. They have possession and control of the books, records, and letters pertaining to said former partnership business and refuse possession thereof to appellant, and intend to collect and appropriate to the use of the separate estate of Tarnke, deceased, all of said outstanding commissions. Prayer was for receiver, an order directing appellees to turn over to such receiver all books, accounts, and evidence of indebtedness owing and due Fred Tarnke & Co. up to December 15, 1917, with authority in the receiver to demand and collect all money due said firm or collected by said appellees.

[1] The first and only assignment is that the court erred in sustaining the general demurrer. The precise proposition presented thereunder is in effect that appellant, as surviving partner of Tarnke, succeeded to the legal title to the partnership assets and was entitled to possession thereof, and the refusal of appellees to deliver possession of the books, records, etc., of Fred Tarnke & Co. to appellant presented a state of facts warranting the appointment of a receiver. A surviving partner does succeed to the legal title to partnership assets, and is entitled to possession thereof as trustee for the use of creditors and those who take under the deceased partner. The difficulty in the application of the rule in this proceeding, however, is that the facts fail to establish that appellant was in legal contemplation a surviving partner. A surviving partner is that partner who, during the existence of the partnership, outlives the other or others,

and the relation necessarily arises only when one of an existing partnership outlives or survives in life the other. Bouvier. As a consequence, when a partnership is mutually dissolved and it is agreed at dissolution that one of the partners shall continue the business and collect and divide certain accounts due the partnership, the rights of a surviving partner can never thereafter accrue to the withdrawing partner upon the death of the partner who continues the business, for the reason that there is no partnership between the parties, and being no partnership there can be no survivorship. It is true that appellant under the allegations of his petition had an equal and joint interest in the outstanding commissions unadjusted at the time of dissolution. That ownership did not for the reasons stated clothe him with the right a surviving partner would have had to the possession of the books and records delineating such indebtedness. They were the property of Fred Tarnke & Co., of which appellant was not a member. We therefore conclude that the refusal of appellees to deliver appellant the books, records, etc., of that firm did not constitute ground for the appointment of a receiver.

[2] It is further shown by the petition that appellees deny the existence of the former partnership and intend to collect said outstanding commissions and appropriate same to the separate estate of Tarnke. Such facts, it is contended, will alone authorize the appointment of a receiver for the purposes stated. We think not. Upon the appointment of the administrator for Tarnke's estate the former succeeded in law to such right to collect and divide the commissions as Tarnke possessed in his lifetime, since he is Tarnke's representative and can do in his representative capacity with reference to Tarnke's estate all that Tarnke could. Appellant also has against Tarnke's administrator the same right that he would have had against Tarnke in his lifetime to establish by appropriate action his alleged interest in all outstanding commissions, which the present suit, we have said, attempts inferentially to do. But we also conclude that a denial of appellant's interest in the commissions is not alone a ground for receivership. Admittedly appellees have an equal interest in the fund with appellant and an equal right to collect the commissions. It is not shown by the petition that appellees have collected any portion of the fund, or if they do there is danger of its being lost, or removed, nor is any other equitable ground recognized by the usages of courts as sufficient to authorize the appointment of a receiver alleged. Article 2128, subd. 1, Vernon's Sayles' Civil Stats.

For the reasons stated the judgment is affirmed.