**W. H. HODGES & COMPANY OF ALEX-
ANDRIA, Inc., Appellant,**

v.

**The DONLEY COUNTY STATE BANK OF
CLARENDON, Texas, Appellee.**

No. 7559.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 17, 1966.

Rehearing Denied Feb. 14, 1966.

Smith, Teed, Wade, Waters & Snow, Pampa, for appellant.

Wm. J. Lowe, W. T. Link, Clarendon, for appellee.

NORTHCUTT, Justice.

This is a suit brought by the Donley County State Bank of Clarendon, Texas, against Bob Sherrod upon promissory notes and for foreclosure of a chattel mortgage upon 205 head of cattle and against the

appellant for title and possession of the 205 head of cattle that were mortgaged by Bob Sherrod to said bank or for the proceeds of the sale of such cattle. W. H. Hodges and W. H. Hodges & Company of Alexandria, Inc., appellants here, answered contending they were the sole owners of the 205 head of cattle and that Bob Sherrod had no right to mortgage the cattle to the bank. By agreement of the parties the cattle were sold for $23,564.29 and the proceeds were held until it could be determined in this action who was entitled to the same. W. H. Hodges was the president of the Hodges corporation.

The case was submitted to a jury upon four special issues. In answer to the first issue the jury found Bob Sherrod did not own the cattle in question at the time he executed the chattel mortgage nor thereafter acquired title to them. In answer to Special Issue 2 the jury found that Hodges did not act in such manner as would reasonably lead the bank to believe, in the exercise of ordinary care, that the cattle were owned by Bob Sherrod. In answer to Special Issue 3 the jury found that Sherrod and Hodges were not engaged in a partnership in these particular cattle. In answer to Special Issue 4 the jury found that Sherrod and Hodges were engaged in a joint adventure in dealing with these particular cattle. Judgment was granted in favor of the bank as against Sherrod for the balance due it by Sherrod on the notes sued upon for the sum of $46,562.46 and granted judgment that the bank have and recover the $23,564.29 of and from Sherrod and the appellants to be credited upon the $46,562.46 owed by Sherrod. The court granted appellants judgment for the sum of $22,919.44 by their suit against Sherrod. From that judgment appellants perfected this appeal.

Sherrod took the Fifth Amendment and refused to testify in the case. W. H. Hodges & Company of Alexandria, Inc., a Louisiana corporation, at the time of its dealing with Sherrod as to all their cattle transactions had no permit to do business in Texas.

Appellants present their appeal upon seven assignments of error. We will consider Points 1, 3, 4 and 5 together since all of them are concerning the submission of the special issue on joint adventure. By Points 3, 4 and 5 it is contended there is no evidence or at least insufficient evidence to raise the issue of joint adventure and that the issue was not upon or determinative of any controlling fact issue in the case. By Point 1 it is contended the court erred in overruling appellants' objection to the charge of the court and in submitting to the jury a special issue on joint adventure because (a) no issue of fact was raised by the evidence concerning the joint adventure; (b) no evidence raising any issue concerning joint adventure; (c) inquiring of an issue not a controlling issue raised by the evidence; (d) that in submitting Special Issue 3 on partnership and then submitting Special Issue 4 on joint adventure (and defining each) was a duplicitous inquiry or submission to the jury thereby giving undue emphasis and import to the matter to the prejudice of appellants; and (e) that the issue did not submit a material or controlling issue of fact raised by the evidence and a judgment could not be predicated upon a verdict thereon because if the jury found a joint adventure existed the uncontradicted evidence shows that the granting of the mortgage was a grant or attempted grant of lien for the private debt or private purpose by Sherrod without the knowledge or acquiescence of appellants.

On December 13, 1962, Bob Sherrod executed his note payable to the Donley County State Bank of Clarendon, Texas, and at the same time gave, executed and delivered a chattel mortgage upon certain cattle, including the cattle here involved, to secure the payment of said notes and said mortgage was duly filed on the next day with the county clerk of Gray County, Texas. Appellants had been selling cattle to Bob Sherrod for about nine months prior to December 13, 1962, and continued up to March 1963 and had sold him approximately 1,300 head of cattle. As to the cattle

here involved it is the contention of appellants that they did not sell them to Sherrod but shipped them to him to be run on wheat pasture.

Mr. Hodges testified that Bob Sherrod was to feed out the cattle on wheat and Sherrod was to be paid something for wheat pasture but that they did not have any agreement as to the amount but was to be paid if the cattle made any money. He further testified that if the cattle made money Sherrod was to participate in the profits but that they never agreed as to what extent Sherrod was to participate but that he would imagine 50 per cent was what they assumed. It is stated in Johnston v. Ballard, 83 Tex. 486, 18 S.W. 686 as follows:

" 'In the absence, however, of all precise stipulations between the partners in respect to their respective shares in the profits and losses, and in the absence of all other controlling evidence and circumstances, the rule of the common law is that they are to share equally of both, for in such case equality would seem to be equity.' "

■ He further testified that if there had been a loss sustained in the cattle by reason of death loss or breaking market prices he would have sustained the loss in the cattle. It naturally would be presumed that if Sherrod was to pasture and care for the cattle and was to be paid by participating in the profits and a loss was had instead of a profit that Sherrod would share in the loss to the extent for the value of the pasture and care of the cattle. We believe there was sufficient evidence to authorize a submission to the jury the question of joint adventure.

It is stated in Booth v. Wilson, Tex.Civ. App., 339 S.W.2d 388 (N.R.E.) as follows:

"In connection with the foregoing it should be observed that a joint adventure is a species of partnership, and a legal concept of comparatively modern origin. Generally it is a partnership of a limited nature by two or more persons to jointly prosecute a particular transaction for mutual benefit or profit. See Joint Adventures, 25 Tex.Juris. Sec. 2, p. 159. The joint adventurer relation is subject to dissolution and termination upon the same basis as a conventional partnership. See Thompson v. Duncan, Tex.Com.App., 44 S.W. 2d 904. The discussion of joint adventurers and partners in this opinion is limited to the rights between themselves of parties to the relationship."

■ As between Sherrod and appellants if appellants furnished the cattle and Sherrod pastured and cared for the cattle for the purpose of sharing in the profits all that Sherrod would have would be a share in the profits and no interest in the cattle. Strack v. Strong, Tex.Civ.App., 114 S.W.2d 313 (writ dismissed). We do not believe that that would be true as to a third party where the cattle were branded as here shown and possession of the cattle placed in Sherrod by the appellants. Sherrod's cattle brand was properly proven and of record in Gray County, Texas, where the cattle were delivered to Sherrod. All of the cattle were branded with the brand of Sherrod and were branded in his brand with the knowledge, consent and agreement of the appellants. "It is the very purpose of the law in requiring the registration that it shall be notice and *prima facie* proof of ownership." De Garca v. Galvan, 55 Tex. 53; Beyman v. Black, 47 Tex. 558. Article 6896 T.C.S. requires the owner of cattle to brand them. George Schneider & Co. v. Fowler, 1 White & W.Civ.Cas.Ct. App. § 856.

■ In this case appellants as owners of the cattle in question knowingly consented and agreed for Sherrod to place his brand upon the cattle in question and we think would be estopped with respect to the claims of appellee. It is stated in Continental Credit Corporation v. Norman,

Tex.Civ.App., 303 S.W.2d 449 (N.R.E.) as follows:

"An owner who arms another with both documentary evidence of title and actual possession of the chattel has been estopped with respect to innocent third persons. McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144; Nicewarner v. Alston, Tex.Civ.App., 228 S.W.2d 872; Southwestern Inv. Co. v. Erwin, Tex. Civ.App., 213 S.W.2d 81; Lang v. Harwood, Tex.Civ.App., 145 S.W.2d 945; Gossett v. Williams, Tex.Civ. App., 288 S.W. 594. See also, Mills v. Clark, Tex.Civ.App., 257 S.W.2d 746, 749; Chambers v. Consolidated Garage Co., Tex.Civ.App., 210 S.W. 565."

It is stated in Kempner v. Huddleston, 90 Tex. 182, 37 S.W. 1066 as follows:

"The rule stated by Mr. Bigelow in his work on Estoppels (page 547) is: 'That where the true owner of property holds out another, or allows another to appear, as the owner of, or as having full power of disposition over, the property, the same being in the latter's actual possession, and innocent third parties are thus led into dealing with such apparent owner, they will be protected; or, where others are innocently induced to acquire rights in derogation of the secret or undisclosed claims of these who caused such action, the rights so acquired are secure, whether contested at law or in equity. Such rights do not depend upon the actual title or right or authority of the party with whom they have directly dealt, but are derived from an act of the real owner which precludes him from disputing against them the existence of the title or right or power which he caused or allowed to appear to be vested in the party making the sale.'"

See also First State Bank of Agua Dulce v. First Nat. Bank of Robstown, Tex.Civ. App., 282 S.W. 846 (writ dismissed) to the same effect.

We are of the opinion, and so hold, that since appellants delivered possession of the cattle in question and knowingly consented and agreed with Sherrod that he could brand the cattle in his own brand that they would be estopped to claim the cattle with respect to the appellee who in no manner had any notice of the claims of appellants prior to making the loan to Sherrod and accepting the mortgage to secure the payment of the notes evidencing the loan.

We have carefully considered all of appellants' assignments of error and overrule each of them. Judgment of the trial court is affirmed.