Howard L. **DUNN**, Petitioner,

v.

R.D. **SUMMERVILLE**, Respondent.

No. C–2594.

Supreme Court of Texas.

May 2, 1984.

Rehearing Denied June 6, 1984.

Brin & Brin, George G. Brin, Corpus Christi, for petitioner.

Nicolas, Morris & Barrow, Pat Morris, Corpus Christi, for respondent.

PER CURIAM

R.D. Summerville and Howard Dunn formed a partnership in 1970 to engage in drilling operations. This suit was brought for a determination of the existence and dissolution of that partnership. The trial court found that the partnership existed and determined that Dunn had taken $39,-987.22 more in partnership draws against the firm's profits than Summerville. In addition to other relief, the trial court sought to equalize the division of partnership profits by awarding a money judgment to Summerville equal to the difference of the partnership draws. In an unpublished opinion the court of appeals affirmed the judgment.

The judgments of the courts below awarding the entire difference of partnership draws to Summerville is contrary to prior decisions of this court and Tex.Rev. Civ.Stat.Ann. art. 6132b, § 18. Unless they otherwise agree, the firm's profits are shared equally. Dating back to *Johnston v. Ballard,* 83 Tex. 486, 18 S.W. 686, 686–88 (1892), we held that absent countervailing evidence it is presumed that partnership profits will be shared equally. This presumption applies even if the partners had contributed unequal amounts of capital to the partnership. *Id.* at 687. This same principle is embodied in section 18 of the Texas Uniform Partnership Act. Tex.Rev. Civ.Stat.Ann. art. 6132b, § 18.

The money judgment equal to the difference of partnership draws overcompensates Summerville. He only had a right to one-half of the firm's profits and accordingly is limited to a one-half interest in the excess draws taken by Dunn. Therefore, the proper judgment would have been one-half of the excess draws, or $19,993.61.

Pursuant to Tex.R.Civ.P. 483, we grant the application for writ of error and, without hearing oral argument, reform the judgments of the courts below to reduce the money judgment from $39,987.22 to $19,993.61, and as reformed, the judgments are affirmed.