Robert I. KAHN, Appellant/Cross–
Appellee,

v.

Claxton B. SEELY, Appellee/Cross–
Appellant.

No. 04–95–00917–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 23, 1998.

Rehearing Overruled Nov. 9, 1998.

---

Royal D. Adams, Law Offices of Royal D. Adams, P.C., San Antonio, for Appellant.

Walter C. Wolff, Jr., Ruth Lown, Wolff & Wolff, San Antonio, for Appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Two former law partners, Robert I. Kahn and Claxton B. Seely, appeal the trial court's judgment setting forth the terms by which their law partnership will be dissolved and terminated. The primary issue presented is whether under the 1914 Texas Uniform Partnership Act a former partner is entitled to receive compensation in addition to his share of the firm's profits for his post-dissolution services in winding up partnership affairs. We hold he is not, declining to follow the Third Court of Appeals' opinion in *Cofer v. Hearne*, 459 S.W.2d 877 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.), and instead adopting the majority rule. We also hold the evidence is legally insufficient to support the jury's lost profit damage finding. Therefore, with respect to these issues, we reverse the trial court's judgment in relevant part, remand the cause to the trial court for further proceedings in accordance with this opinion on the compensation issue, and render judgment against Kahn on his breach of fiduciary duty claim. In all other respects, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Claxton B. Seely and Robert I. Kahn were partners in The Law Offices of Seely & Kahn until Seely exercised his right to dissolve the firm on February 3, 1994. After the two partners failed to amicably wind up the partnership affairs, Kahn filed this suit for an accounting, damages for breach of fiduciary duty and fraud, and attorney's fees.

Kahn's tort claims were submitted to a jury, which found Seely breached his fiduciary duty in two respects—in his handling of an advertisement in the Borderplex Yellow Pages, which proximately caused Kahn $140,-000 in lost profits, and in reducing a client's fee. Thereafter, the trial court ruled, as a matter of law, there was no evidence to support the jury's finding Seely breached his fiduciary duty by reducing the client's fee; Seely was entitled to sixty percent and Kahn was entitled to forty percent of the firm's profits from January 1, 1994, until the date of termination; and each partner was entitled to compensation in addition to his share in the partnership profits for his post-dissolution services during the winding-up period.

In accordance with the jury's verdict and its findings and conclusions, the trial court rendered a judgment 1) awarding Kahn actual and punitive damages for Seely's breach of

fiduciary duty relating to the Borderplex Yellow Pages advertisement; 2) allocating sixty percent of the partnership assets, expenses, and profits to Seely and forty percent to Kahn; 3) awarding both partners compensation for post-dissolution services during the winding-up period; and 4) terminating the partnership.

Both partners filed limited appeals. Kahn appeals the trial court's 60/40 division of the firm's profits from January 1, 1994, and its refusal to award him attorney's fees, while Seely appeals the trial court's awards of compensation for post-dissolution services and damages for breach of fiduciary duty.

## CONSTRUCTION OF THE PARTNERSHIP AGREEMENT

Both parties complain of the trial court's construction of their partnership agreement. We therefore begin our analysis with the general principles governing contract construction.

■■■ A partnership agreement is construed like any other contract. *Park Cities Corp. v. Byrd,* 534 S.W.2d 668, 672 (Tex. 1976). Accordingly, our objective "is to ascertain the true intentions of the parties as expressed in the instrument." *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). "Language used by parties in a contract should be accorded its plain, grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated." *Lyons v. Montgomery,* 701 S.W.2d 641, 643 (Tex.1985). If the contract is "so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Coker,* 650 S.W.2d at 393.

### Standard of Review

■■■ The parties argue, and the trial court implicitly ruled, the Seely–Kahn partnership agreement is not ambiguous insofar as the parties' current disputes are concerned. We agree and so hold. Accordingly, construction of the agreement presents questions of law, which we review de novo. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.

1992); *Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W.2d 193, 196 (Tex. 1962). The same de novo standard governs our review of the trial court's construction of the relevant statutes. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997).

### Division of the Partnership Profits

In his first five points of error, Kahn contends the trial court erred in failing to award him fifty percent of the firm's profits after December 31, 1993, and instead continuing the 60/40 division that governed in 1993. We disagree.

■■■ Under the 1914 Act, partnership profits are shared equally "[u]nless [the partners] otherwise agree...." *Dunn v. Summerville,* 669 S.W.2d 319, 319 (Tex.1984); TEX.REV.CIV. STAT. ANN. art. 6132b, § 18 (Vernon 1970). Here, Seely and Kahn otherwise agreed: their partnership agreement provides Kahn would receive forty percent of the firm's profits in 1992–93 and "[t]hereafter, the percentage each partner shall receive will be an amount or percentage as agreed upon by the partners." If, however, the partnership terminated after 1993 for a reason other than death or disability, the agreement provides Kahn would "receive a percentage of the net fees and cases costs and loans equal to the percentage of ownership that he then possesses" unless the parties agreed to a different division.

It is undisputed the Seely–Kahn partnership will terminate after 1993 for a reason other than death or disability; Kahn's ownership interest in 1993 was forty percent; and it is likewise undisputed, at this stage of the proceeding, the partners did not agree on a new division of profits for 1994. Accordingly, the trial court correctly ruled Kahn was entitle to forty, not fifty, percent of the firm's profits after December 31, 1993. We therefore overrule Kahn's first five points of error.

### Compensation for Post–Dissolution Services

In his first four points of error, Seely argues the trial court erred in awarding compensation to each partner in addition to his share in the firm profits for post-dissolution

services during the winding up period. We agree. However, before proceeding to Seely's points of error, we must first address Kahn's motion to dismiss and cross-point, in which Kahn argues we should dismiss this aspect of Seely's appeal because he accepted a benefit of the trial court's judgment, *i.e.*, a bank account awarded to Seely pursuant to the trial court's 60/40 division of the firm's profits.

�▇▇▇▇ Under the acceptance-of-benefits doctrine, "[a] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950). "If the doctrine applies, the appeal is rendered moot, and the proper disposition is dismissal." *Bloom v. Bloom*, 935 S.W.2d 942, 945 (Tex.App.—San Antonio 1996, no writ). The doctrine does not apply, however, if the party against whom estoppel is sought " 'accept[s] a benefit under the judgment which could not be adversely affected by *its* appeal....' " *Id.* at 947 (quoting *Baptist Mem'l Hosp. Sys. v. Bashara*, 685 S.W.2d 352, 353–54 (Tex. App.—San Antonio 1984) (emphasis added), *aff'd on other grounds*, 685 S.W.2d 307 (Tex. 1985)). So it is here. Seely has not appealed the trial court's 60/40 division of the firm's profits. Therefore, Seely's appeal cannot adversely affect his right to sixty percent of the firm's profits; whether Kahn's appeal might affect the division is immaterial. Accordingly, we deny Kahn's motion to dismiss, overrule his cross-point, and proceed with our analysis of compensation for post-dissolution services.

▇▇▇▇ The Seely–Kahn partnership agreement does not expressly state whether a partner is entitled to compensation for post-dissolution services in addition to or instead of his share in the partnership profits. However, Kahn argues the agreement reflects an intent to award compensation for post-dissolution services because it provides that if the partnership terminates, Seely would handle all workers' compensation, personal injury, and damage suits then pending, and Kahn would receive the appropriate "percentage of the net fees and cases costs

and loans...." We disagree. The two provisions, taken together, reflect an agreement to divide the responsibility for cases pending at termination and then divide the net profits. Neither provision constitutes or reflects an agreement for compensation for post-dissolution services. Accordingly, the gap must be filled by either the 1914 Texas Uniform Partnership Act ("the 1914 Act") or the 1994 Texas Revised Partnership Act ("the 1994 Act"). *See Park Cities*, 534 S.W.2d at 672 (act applies where partnership agreement is silent). And which of the two acts applies is significant—the 1914 Act expressly precludes compensation, while the 1994 Act expressly permits it. *Compare* TEX.REV.CIV. STAT. ANN. art. 6132b, § 18(1)(f) (Vernon 1970), *with* TEX.REV.CIV. STAT. ANN. art. 6132b–4.01(f) (Vernon Supp.1998).

The 1994 Act applies to partnerships formed on or after January 1, 1994 and to partnerships formed before that date if the partners agree to be governed by it. TEX. REV.CIV. STAT. ANN. art. 6132b–11.03(a)(Vernon Supp.1998). The Seely–Kahn partnership agreement recites the partnership was formed January 1, 1980, and nothing in the agreement indicates the partners intended their relationship to be governed by the 1994 Act. We therefore hold the 1914 Act applies.

▇▇▇▇ Under the 1914 Act, only a surviving partner is entitled to compensation for his services in winding up partnership business. TEX.REV.CIV. STAT. ANN. art. 6132b, § 18(1)(f) (Vernon 1970). "A surviving partner is that partner who, during the existence of the partnership, outlives the other or others, and the relation necessarily arises only when one of an existing partnership outlives or survives in life the other." *Caognard v. Tarnke*, 202 S.W. 221, 221–22 (Tex.Civ.App.—Dallas 1918, no writ); *accord Ellerby v. Spiezer*, 138 Ill.App.3d 77, 92 Ill.Dec. 602, 485 N.E.2d 413, 417 (1985); *Chazan v. Most*, 209 Cal.App.2d 519, 25 Cal.Rptr. 864, 867 (1962). Therefore, under the 1914 Act, when dissolution is caused by a partner's withdrawal, "[n]o partner is entitled to remuneration for acting in the partnership business...." TEX.REV.CIV. STAT. ANN. art. 6132b, § 18(1)(f). As a result, "all partners have an interest in income from the completion of the partnership's unfin-

ished business." Robert W. Hillman, *Law Firms and Their Partners: The Law and Ethics of Grabbing and Leaving*, 67 TEX. L.REV. 1, 40 & n. 214 (1988).

However, Kahn argues, and the trial court ruled, the "no-compensation rule" in the 1914 Act does not apply to law partnerships, as the Third Court of Appeals held in *Cofer v. Hearne*, 459 S.W.2d 877 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.). We again disagree. Under the 1914 Act, "[a] partnership is an association of two or more persons to carry on as co-owners a business for profit." TEX.REV.CIV. STAT. ANN. art. 6132b, § 6(1). "'Business' includes every ... profession." *Id.* § 2. *Cofer* is thus contrary to the express terms of the statute and the majority rule and is "plainly wrong," as several courts have noted. *Jewel v. Boxer*, 156 Cal.App.3d 171, 203 Cal.Rptr. 13, 17 (1984); *accord Beckman v. Farmer*, 579 A.2d 618, 640 (D.C.1990); *Ellerby v. Spiezer*, 138 Ill.App.3d 77, 92 Ill. Dec. 602, 485 N.E.2d 413, 417 (1985). *See generally* J. William Callison, *Partnership Law Issues in the Break–Up and Dissolution of Law Firms*, 21 COLO. LAW. 409, 414 (1992) (noting *Cofer* has been "soundly criticized" and concluding "[t]he better argument is that partners performing winding up services are not entitled to extra compensation in the absence of an agreement"); Mark H. Epstein & Brandon Wisoff, *Winding Up Dissolved Law Partnerships: The No–Compensation Rule and Client Choice*, 73 CAL. L.REV. 1597, 1641 (1985) (Because the language of the 1914 Act is "unequivocal," "as a matter of statutory interpretation, the Jewel court was justified in labeling the *Cofer* decision as "'plainly wrong.'").

Like these courts, we decline to follow *Cofer* and instead hold when dissolution is caused by withdrawal, rather than death, the 1914 Act does not permit compensation for post-dissolution services in winding up the partnership's affairs. We therefore sustain Seely's first four points of error, reverse the trial court's judgment insofar as it orders post-dissolution compensation, and remand the cause to the trial court for further proceedings in accordance with this opinion on the compensation issue. As a result, we necessarily reverse the trial court's judgment to the extent it terminates the partnership before this division is accomplished, and we do not reach Seely's fifth through eighth points of error, which argue the trial court erred in computing the post-dissolution fees.

### BREACH OF FIDUCIARY DUTY DAMAGES

In his ninth, tenth, and eleventh points of error, Seely contends the trial court erred in awarding Kahn $140,000 for his lost profits arising out of Seely's breaches of fiduciary duty because the evidence is legally and factually insufficient to establish this amount with reasonable certainty. We agree.

 The scope and standards for sufficiency review are well-established. To determine whether there is legally sufficient evidence, we review "only the evidence and the inferences tending to support the [jury's] finding and disregard all evidence and inferences to the contrary." *E.g., Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If there is more than a scintilla of evidence to support the finding, the legal sufficiency challenge must fail. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987). Conversely, to determine whether there is factually sufficient evidence to support a jury finding, we review the entire record to determine if the finding "is so against the great weight and preponderance of the evidence as to be manifestly unjust." *E.g., Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). *See generally* Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L.REV. 361 (1960).

 To recover lost profits, a party must introduce "objective facts, figures, or data from which the amount of lost profits can be ascertained." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex.1992) (citations omitted). The relevant inquiry is thus not lost income but lost profits, that is, the amount remaining after expenses are deducted from income. *Turner v. PV Intern. Corp.*, 765 S.W.2d 455, 465 (Tex.App.—Dallas 1988) (citing *R.A. Corbett Transp., Inc. v. Oden*, 678 S.W.2d 172, 176 (Tex.App.—Tyler 1984, no writ)), *writ denied per curiam*, 778 S.W.2d 865 (Tex.1989).

The record in this case contains ample evidence Kahn lost $140,000 or more in fees as a result of Seely's handling of the Borderplex Yellow Pages ad, and Kahn argues the record also reflects he maintained an office and expended $10,000.00 per month for advertising. However, Kahn has not pointed us to any record evidence establishing the expenses to be deducted from his gross lost income, and our own review has revealed none. Accordingly, we sustain Seely's ninth, tenth, and eleventh points of error; reverse the trial court's judgment in favor of Kahn for actual and punitive damages arising out of his breach of fiduciary duty claim; and render judgment against Kahn on this claim. *See Nabours v. Longview Sav. & Loan Ass'n,* 700 S.W.2d 901, 904 (Tex.1985) (holding that punitive damages may not be awarded in the absence of actual damages). As a result, we do not reach Seely's last two points of error regarding the insufficiency of the evidence to support the jury's breach of fiduciary duty liability findings.

### ATTORNEY'S FEES

In his sixth point of error, Kahn argues the trial court erred in refusing to submit a jury question regarding his attorney's fees. We disagree. Attorney's fees may not be awarded when, as here, there is no evidence of timely presentment. TEX. CIV. PRAC. & REM.CODE ANN. § 38.002(2) (Vernon 1997); *Melson v. Stemma Exploration & Prod. Co.,* 801 S.W.2d 601, 604 (Tex.App.— Dallas 1990, no writ). We therefore overrule Kahn's sixth point of error.

### CONCLUSION

The trial court correctly ruled Seely is entitled to sixty percent, and Kahn is entitled to forty percent, of the firm's profits after December 31, 1993. However, neither the Seely–Kahn partnership agreement nor the 1914 Texas Uniform Partnership Act, correctly construed, entitles the former partners to compensation for their post-dissolution services. We therefore reverse the trial court's judgment insofar as it awards this type of compensation and remand the cause to the trial court for further proceedings in accordance with this opinion on the post-dissolution compensation issue. Necessarily, we also reverse the trial court's judgment to the extent it terminates the partnership before this aspect of the winding up of the partnership's affairs is accomplished. Additionally, because there is legally insufficient evidence to support the jury's actual damage finding on Kahn's breach of fiduciary duty claim, we reverse the trial court's judgment in favor of Kahn on this claim and render judgment in Seely's favor. Finally, because Seely has prevailed on each aspect of his appeal, and Kahn has not prevailed on any aspect of his, we order costs assessed against Kahn.