Roe Ann SHANDS, Appellant,

v.

TEXAS STATE BANK, Appellee.

No. 04–02–00047–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 10, 2003.

Tim Labadie, Law Office of Tim Labadie, Austin, for appellant.

Paul M. Green, Allan K. DuBois, Green & DuBois, P.C., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

Roe Ann Shands sued Texas State Bank (the Bank) alleging the Bank breached its fiduciary duty as her agent to manage the Estate of P.C. Shands. On appeal, Shands claims the trial court erred in granting summary judgment in favor of the Bank and in excluding the testimony of Shands's expert, Karen Campbell. We affirm the judgment of the trial court.

## Background

As independent executrix of her late husband's estate, Shands signed an agency agreement with the Bank to act as her agent to manage the assets of the Estate of P.C. Shands. Under the terms of the agreement, Shands was free to direct the Bank's management activities at any time. At the time the agreement was signed in April 1995, the Estate assets were primarily invested in tax free municipal bonds, with some stock holdings. The Bank maintained the Estate assets in virtually the same bond to stock ratio until Shands decided to move the account to a different financial institution in late 1997. At the time she moved the account, Shands signed a Receipt and Release approving the accounting provided by the Bank and purporting to release the Bank from any claims with respect to the Estate, its administration, or any of its assets.

Shortly after moving the account, Shands filed suit contending the Bank had breached its fiduciary duty as her agent because it made no effort to determine her investment objectives, monetary needs, or desires for the assets, and had not managed the funds "in her best interest" by leaving the assets in municipal bonds rather than pursuing a more aggressive investment strategy.[1] Shands claims the Bank knew she was a very unsophisticated investor, yet the Bank did not make her aware of the options available for management and investment of the assets in her care. There is no dispute that the value of the Estate account increased during the Bank's management. Additionally, there is no dispute that Shands received a continuous stream of tax-free income from the account during the Bank's management. The trial court granted summary judgment on three of the Bank's seven grounds[2] and Shands appealed.

## Standard of Review

We review a summary judgment de novo, considering the evidence in the light most favorable to the non-movant while disregarding all contrary evidence and inferences. *Weiss v. Mechanical Associated Serv., Inc.*, 989 S.W.2d 120, 123–24 (Tex. App.-San Antonio 1999, pet. denied). When a party moves for a no-evidence summary judgment under Tex.R. Civ. P. 166a(i), alleging the non-movant lacks any evidence to carry its burden of proof, the non-movant must produce some evidence that raises a fact issue on the challenged elements. Tex.R. Civ. P. 166a(i) cmt.; *Weiss*, 989 S.W.2d at 123.

1. Shands originally pled several causes of action against the Bank. The trial court granted summary judgment on all claims. On appeal, this Court held that the Bank's motion for summary judgment did not address the claim for breach of fiduciary duty as an agent; therefore, we remanded for further proceedings on the agency claim, which is the subject of the present appeal. *See Shands v. Texas State Bank*, 04–00–00133–CV, 2001 WL 21490 (Tex.App.-San Antonio Jan.10, 2001, no pet.) (not designated for publication).

2. The trial court granted summary judgment on the following grounds: (1) no evidence of legally compensable damages; (2) statute of limitations; and (3) ratification.

## Discussion

In a prior appeal, we held that the agreement between Shands and the Bank created an agency relationship, which required the Bank to manage the Estate's assets in Shands's best interest. *See Shands v. Texas State Bank,* 04–00–00133–CV, 2001 WL 21490, at *3–4 (Tex.App.-San Antonio Jan.10, 2001, no pet.) (not designated for publication). This agency relationship created a fiduciary relationship as a matter of law. *Id.* Thus, the Bank owed Shands a high duty of good faith, fair dealing, honest performance, and strict accountability. *Id.*

The Bank moved for summary judgment on the ground that there is no evidence that the Bank's alleged improper conduct resulted in legally compensable damages to Shands. "To recover lost profits, a party must introduce 'objective facts, figures, or data from which the amount of lost profits can be ascertained.'" *Kahn v. Seely,* 980 S.W.2d 794, 799–800 (Tex.App.-San Antonio 1998, pet. denied) (citing *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 84 (Tex.1992)). Lost profits is a measure of damages that can be recovered if the amount can be reasonably calculated. *See id.* "What constitutes reasonably certain evidence of lost profits is a fact intensive determination." *Szczepanik v. First Southern Trust Co.,* 883 S.W.2d 648, 649 (Tex.1994). To defeat the Bank's motion for summary judgment, Shands was required to produce some evidence relative to her damages that was not uncertain or speculative. *See* *United Way of San Antonio, Inc. v. Helping Hands Lifeline Foundation, Inc.,* 949 S.W.2d 707, 711 (Tex.App.-San Antonio 1997, writ denied) (discussing the quality of evidence necessary for recovery of lost profits).

In her deposition, Shands testified she knew little about the account but she always had money when she needed it. She could not remember if the Bank had discussed the investments with her, but she acknowledged receiving monthly statements. When asked why she filed suit, Shands responded that she was unhappy with a former bank officer who had taken some papers related to her New Mexico property and not returned them. She did not identify any complaint with respect to the account at issue in this lawsuit. Because Shands failed to produce any evidence of what change she would have made in the Bank's management, any calculation of damages is based purely on speculation.[3] We overrule Shands's first issue and affirm the trial court's summary judgment based on no evidence of damages.

In two related sub-issues, Shands claims: (1) the Bank should not have been allowed to challenge lack of damages by summary judgment without first filing special exceptions;[4] and (2) she may recover fees paid to the Bank as a measure of damages even if she did not prove actual damages from the breach of fiduciary duty.[5] In this case, the Bank did not move for summary judgment based on Shands's failure to state a cause of action in her petition. The Bank merely chal-

---

**3.** Shands complains that the trial court excluded evidence of damages provided in the affidavit of her expert witness, Karen Campbell. Even if the trial court erred in excluding the affidavit, Campbell's testimony provides no evidence of damages because her calculations are based on speculation that Shands would have made changes in the Bank's management scheme.

**4.** *See Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 9–10 (Tex.1974); *White v. Bayless,* 32 S.W.3d 271, 274 (Tex.App.-San Antonio 2000, no pet.).

**5.** *See Burrow v. Arce,* 997 S.W.2d 229, 240 (Tex.1999).

lenged the damages element of Shands's claim. Such a challenge is properly brought by summary judgment motion. *See Gonzales v. American Postal Workers Union,* 948 S.W.2d 794, 799 (Tex.App.-San Antonio 1997, pet. denied). Because the issue of fee forfeiture was not raised in the trial court, Shands did not preserve the issue for appeal. *See* Tex.R.App. P. 33.1(a); *compare Burrow,* 997 S.W.2d at 232 (plaintiffs pled equitable remedy of fee forfeiture) *with Lee v. Lee,* 47 S.W.3d 767, 780–81 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (failure to plead for fee forfeiture waives recovery). We overrule both sub-issues.

### Conclusion

Because Shands produced no evidence of damages, we affirm the trial court's judgment. We need not reach the merits of the trial court's other grounds for summary judgment or Shand's claim of error in excluding the affidavit of her expert witness. Costs of the appeal are taxed against appellant, Roe Ann Shands.